UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEXTEL OF NEW YORK, INC. and
SPRINT SPECTRUM L.P.,

               Plaintiffs,

-against-

THE VILLAGE OF SLEEPY HOLLOW, THE VILLAGE OF SLEEPY HOLLOW PLANNING BOARD, PLANNING BOARD CHAIRMAN NICHOLAS ROBINSON, DAVID PERLMUTTER, GEORGE TANNER, GARY MALUNIS, EDWARD McCARTHY, NICHOLAS CICCHETTI, in their official capacities, constituting the Village Planning Board, THE VILLAGE OF SLEEPY HOLLOW BOARD OF TRUSTEES, MAYOR PHILLIP E. ZEGARELLI, DEPUTY MAYOR MARIO DiFELICE, MARIA ROSE DeMELIA, KAY BROWN GRALA, SANDRA MORALES, ANDREW T. MURRAY, KENNETH G. WRAY, in their official capacities, constituting the Board of Trustees, and SEAN McCARTHY, in his official capacity as Building Department Superintendent,

               Defendants.

---

STIPULATION OF
SETTLEMENT AND ORDER

CIVIL ACTION NO.
08 CIV 0951 (SCR)
ECF CASE

WHEREAS, the above named plaintiffs ("Plaintiffs"), commenced this action on January 29, 2008, against the above named defendants ("Defendants"), in connection with Plaintiffs' application for approval to install and operate the federally licensed wireless communication facility ("Facility")

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

proposed on Village-owned property at the intersection of Andrews Lane and Elm Street (the "Property"), which is the focus of this action; and

**WHEREAS**, the parties to this action have agreed to settle this action, pursuant to the terms and conditions set forth herein; and

**WHEREAS,** all parties, intending to be legally bound, have consulted with their counsel and the undersigned counsel have the requisite authority and approval to enter this Stipulation of Settlement and Order; and

**WHEREAS**, the parties have agreed to resolve this matter as follows:

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES AND ORDERED BY THE COURT THAT:**

1. Defendant Village Board hereby leases a portion of the Property to Plaintiffs for the installation and operation of the Facility pursuant to the lease agreement attached hereto as Exhibit A, which shall be executed on behalf of the Village Board simultaneously with the execution of this Stipulation of Settlement.

2. The Planning Board resolution dated December 20, 2007 ("Resolution"), a copy of which is attached hereto as Exhibit B, is modified as follows:

   a. Condition #1 of the Resolution is deleted in its entirety and replaced with the following language: "As a condition of a building permit, Plaintiffs shall submit a foundation design and structural analysis consistent with ANSI TIA/EIA-222-G, the New York State Building Code and the Technical Review Report from HDR/LMS dated June 18, 2007. The design of the Facility will be consistent with the latest version of the above referenced standards."

   b. Condition #2 of the Resolution is deleted in its entirety and replaced with the following language: "Plaintiffs have submitted a report dated April 18, 2008, signed and sealed by Ryan R. Roy, a New York State licensed professional engineer with JGI Eastern, Inc., which demonstrates that the installation of the Facility does not necessitate any slope stabilization work on or off the Property and does not aggravate any existing steep slope conditions, a copy of which is attached hereto as Exhibit C."

c. Condition #3 of the Resolution is deleted in its entirety and replaced with the following language: "The Facility shall include landscaping in accordance with the landscaping plan attached hereto as Exhibit D, which shall be installed prior to issuance of a Certificate of Occupancy and maintained and replaced in kind by Plaintiffs, as reasonably determined necessary by the Village during the Lease term, and any extended term of the Lease. A grower's guarantee on the trees shall also be obtained. The applicant shall post a landscape maintenance bond with a minimum term of three (3) years commencing upon issuance of a certificate of occupancy to guarantee maintenance and replacement of landscaping during that period. The bond shall be in a reasonable amount, equal to a portion of the cost of landscaping as determined by the Building Inspector and in a form satisfactory to the Village Attorney. Plaintiffs shall not be responsible in any way whatsoever for the landscaping at the Property that has been or may be installed by the Village or other third parties."

d. Condition #4 of the Resolution is deleted in its entirety and replaced with the following language: "Plaintiffs have submitted and Defendants' radio frequency consultant has reviewed a coverage map indicating coverage from the Facility on a seventy (70') foot stealth flagpole tower. This coverage map demonstrates and Defendants have agreed that an eighty (80') foot stealth flagpole tower is the minimum height necessary to remedy Plaintiffs' significant gap in reliable coverage in the Village in the vicinity of the Property."

e. Condition #5 of the Resolution is deleted in its entirety and replaced with the following language: "Prior to the issuance of a building permit, submission of a statement with regard to Nextel's commitment and schedule to maintain all visible aspects of the installation including, but not limited to, the monopole, American flag, and equipment building. Nextel will provide an American Flag, 15 feet by 25 feet, and lighting required to illuminate the flag at night. The Village shall be responsible for raising and lowering the flag each day if it decides to do so to eliminate the need for lighting. The flag shall be replaced by Nextel, at its sole cost, as reasonably needed."

f. Condition #6 of the Resolution is deleted in its entirety and replaced with the following language: "Prior to the issuance of a building permit, Nextel will submit fully detailed construction plans for review and approval by the Village's Building Department detailing the proposed improvement to the limits shown on the Plans prepared by Tectonic Engineering, last revised August 2, 2007 and including the landscaping described on Exhibit D attached hereto. Pavement to the Senior Center building footprint is not required to be provided by Plaintiff; however, any pavement disturbed by Plaintiff for construction must be restored to the Village's reasonable satisfaction."

    g. Condition #11 of the Resolution is deleted in its entirety.

    h. Condition #12 of the Resolution is deleted in its entirety.

    i. Condition #13 of the Resolution is deleted in its entirety and replaced with the following language: "As a condition of a building permit, Plaintiffs shall submit a removal bond in the amount of $50,000.00."

    j. Condition #14 of the Resolution is deleted in its entirety.

    k. Condition #18 of the Resolution is deleted in its entirety.

    l. All other conditions of the December 20, 2007 resolution remain in full force and effect and otherwise unaltered.

3. Plaintiff shall be bound by the applicable requirements of the Village of Sleepy Hollow Zoning Code to the extent such provisions are not deemed to be illegal or unconstitutional. Any rights Plaintiff may have to challenge the Village of Sleepy Hollow Zoning Code are expressly preserved and shall not be deemed waived in any way whatsoever.

4. No further municipal approvals, permits, or zoning applications, other than a building permit and certificate of occupancy, shall be required. The building permit shall be issued within ten (10) business days of Plaintiffs filing a complete application for same with the Village of Sleepy Hollow Building Department and the certificate of occupancy shall be issued after construction is deemed complete by the Village Architect and within ten (10) business days after the filing of a complete application for same.

5. The parties acknowledge that this Stipulation was the product of negotiation by all parties through their counsel, including negotiation as to the language set forth herein, and, as such, to the extent there is any issue with respect to any alleged, perceived or actual ambiguity in this Stipulation, the ambiguity shall not be resolved on the basis of who drafted the Stipulation.

6. The Court shall retain jurisdiction over this matter until: (i) all permits and approvals required to install and operate Facility have been issued, including, without limitation, all building permits and certificates of occupancy; (ii) the Facility has been fully constructed; and (iii) the time for any legal challenge to the approvals for the Facility has expired. Upon the last of the foregoing to occur, this action will be dismissed with prejudice, and without fees, costs, disbursements, damages, interest or attorneys' fees against any party.

4

_____
Robert J. Ponzini (RP 6905 )
Attorney for Defendant Village Board of Trustees
Gaines, Gruner, Ponzini & Novick, LLP
One North Broadway
White Plains, NY 10601
(914) 288-9595

_____
Nicholas M. Ward-Willis (NW 5709)
Attorney for Defendant Planning Board
Keane & Beane, P.C.
445 Hamilton Avenue
White Plains, NY 10601
(914) 946-4777

_____
Robert D. Gaudioso (RG 3829)
Snyder & Snyder, LLP
Attorney for Plaintiffs
94 White Plains Road
Tarrytown, NY 10591
(914) 333-0700

Dated: Tarrytown, New York
       8/1        , 2008

SO ORDERED:

_____
HON. STEPHEN C. ROBINSON
United States District Judge
White Plains, NY 10601
Date: August 4, 2008

Z:\SSDATA\WPDATA\SS6\NEXTEL\ZONING\SLEEPYHO\Litigation\Stipulation of Settlement Revision 2 per Village Comments.doc

5